UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL M. ZELLMER,<br><br>          Plaintiff,<br><br>   v.<br><br>DOW CONSTANTINE, et al.,<br><br>          Defendants. | CASE NO. C10-1288 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Defendants King County Department of Adult and Juvenile Detention corrections officers' Objections (Dkt. No. 117) to the Report and Recommendation of United States Magistrate Judge James P. Donohue (Dkt. No. 111). Having considered the Report and Recommendation, Defendants' Objections, and all related papers, the Court ADOPTS the Report and Recommendation. Officer Tomlin's motion for summary judgment (Dkt. No. 83) is DENIED. Plaintiff's motion to vacate (Dkt. No. 105) is GRANTED, and this Court's December 13, 2011 Order (Dkt. No. 63) is VACATED as to Sergeant Stowers, Officer Potts, Officer Lofnik, and Officer Colbert. Plaintiff's request to file an amended

complaint is DENIED, but Plaintiff is GRANTED leave to file, within 30 days of the date of this order, a motion to amend that is accompanied by a proposed amended complaint.

## Background

Defendants raise three objections to the portion of Judge Donohue's Report and Recommendation finding fraud on the court and recommending that the previously entered judgment be vacated: (1) there is no clear and convincing evidence that the officers intended to deceive the Court by submitting false declarations; (2) documents showing that the officers "might have been mistaken" about information provided in their declarations were already in the record at the time summary judgment was granted, and it was incumbent on Plaintiff to call the Court's attention to those documents; and (3) any errors regarding the timeline of events established by the declarations were immaterial because the Court granted summary judgment despite noting that the timeline was disputed, and the Ninth Circuit affirmed on broader grounds. (Dkt. No. 117.)

## Discussion

I.  Legal Standard

Under Fed. R. Civ. P. 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

II. Defendants' Objections to the Report and Recommendation

  A.  Clear and Convincing Evidence of Fraud on the Court

Judge Donohue found clear and convincing evidence that the corrections officers were wrong when they testified that they were unavailable to escort Plaintiff back to his cell because they had been called away to participate in a shakedown. (Dkt. No. 111 at 20-21.) King County

1 | Correctional Facility log books and reports written on or about the day in question establish that
2 | the shakedown did not occur until 1:00 p.m., nearly two hours after Plaintiff's attorney meeting
3 | had concluded. (Id.) Defendants do not dispute the accuracy of this evidence. (Dkt. Nos. 111 at
4 | 21, 117.)
5 |     Defendants argued initially that the discrepancy between the evidence and the
6 | declarations submitted establishes at best "confusion" about the timeline of events rather than a
7 | scheme to deceive the Court, an argument Judge Donohue found to be "not even remotely
8 | persuasive." (Dkt. No. 111 at 22.) Judge Donohue noted that Defendants have possessed the log
9 | books and reports since the inception of this case, and that these logs directly contradict the
10 | declarations submitted by Defendants and their counsel. (Id.) Judge Donohue also noted that all
11 | four officers presented the same incorrect account, and that counsel made arguments based on
12 | those identical yet incorrect accounts. (Id.) Judge Donohue concluded that this "raises an
13 | inference of intentional actions, or at minimum, action with willful blindness or an inexcusable
14 | failure to investigate what actually happened." (Id.)
15 |     Defendants' Objections to the Report and Recommendation raise essentially the same
16 | arguments: the evidence shows that "some of the officers were mistaken about the timeline of
17 | events;" that "truthful witnesses often make innocent mistakes;" that similar inconsistencies are
18 | "frequently uncovered" in "virtually every case;" that competent and diligent attorneys
19 | "sometimes miss these kinds of inconsistencies when presenting their evidence;" and that there is
20 | no clear and convincing evidence of fraud here. (Dkt. No. 117 at 3.)
21 |     The Court agrees with Judge Donohue that there is clear and convincing evidence of
22 | fraud on the court. Defendants possessed the logs from the beginning of this case, but
23 | nevertheless chose to submit declarations and make arguments to the Court based on incorrect
24 |

ORDER ADOPTING REPORT AND
RECOMMENDATION- 3

information directly contradicted by evidence in their possession.  Each of the Defendants reviewed the information contained in his or her declaration before declaring under the penalty of perjury that the information was true and correct to the best of their knowledge; Sergeant Stowers personally made changes to her attorney-drafted declaration before declaring the information to be true.  (Dkt. No. 42 at 1-3.)  Four identical accounts were submitted with the intent that they present one coherent characterization of the events in question and with the intent that the Court rely on that characterization.  If this was not done with the intent to deceive, it was done with an inexcusable disregard for the truth, and the integrity of the judicial process has been harmed as a result.

### B. Evidence Already in the Record

Defendants argue that documents showing that the officers "might have been mistaken" about information provided in their declarations were already in the record at the time summary judgment was granted, and thus it was incumbent on Plaintiff to call the Court's attention to those documents.  (Dkt. No. 117 at 5.)  In support of this contention, Defendants cite to numerous cases discussing the proposition that courts have no duty to scour the case file in search of all potentially relevant evidence and that parties retain the burden of specifically identifying evidence which supports their positions.  (Id.)

Plaintiff responds that it is absurd to argue that it is an acceptable practice to prepare and file false and misleading declarations, knowing the Court will rely on those declarations, so long as documents containing a different and true version of events are produced in discovery to the opposing party.  (Dkt. No. 126 at 5.)  The Court agrees.

The Court agrees with Judge Donohue that Plaintiff's failure to uncover the fraud earlier does not bar a claim of fraud on the court because "the court itself was a victim of the fraud."

Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1133 (9th Cir. 1995). Fraud on the court implicates the integrity of the entire judicial process, which is harmed even if Plaintiff—who was pro se and litigating this case while incarcerated—could have challenged Defendants' timeline of events earlier in the litigation. "Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of the litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944).)

        C.      Materiality

Defendants argue that any errors in the declarations regarding the timing of events are immaterial because the Court granted summary judgment despite noting that the timeline was contested, and the Ninth Circuit affirmed on broader grounds. (Dkt. No. 117 at 7.)

The first factor Judge Donohue considered in recommending vacatur was the centrality of the reason behind the delay in returning Plaintiff to his cell. (Dkt. No. 111 at 21.) Judge Donohue explained that the fact that all available officers had been called away for a shakedown during the time at issue was central to his recommendation that summary judgment be granted in Defendants' favor. Judge Donohue had found there was no genuine issue of fact "about whether a reasonable official would have known he or she was violating Mr. Zellmer's clearly established constitutional rights by allowing Mr. Zellmer to remain in restraints for two additional hours while officers tended to a higher priority situation within the facility…" (Dkt. No. 60 at 4.) This Court adopted the recommendation and granted summary judgment because "no reasonable corrections officer could have understood that [] leaving Plaintiff restrained for a few hours

while handling emergency situations elsewhere in the facility constituted excessive force… or… cruel and unusual punishment." (Dkt. No. 63 at 9.)

Defendants are correct that the Court noted that the <u>amount</u> of time that Plaintiff spent in restraints was contested, but the fraud on the court here involves the <u>reason</u> why Plaintiff was left in restraints, not the quantity of time. The emergency call elsewhere in the facility—now known not to have occurred until several hours later—was central to the Court's grant of summary judgment.

## Conclusion

Defendants submitted identical incorrect accounts of why there was a delay in transporting Plaintiff back to his cell despite having accurate information in their possession, and have subverted the integrity of the Court in doing so. The Court hereby ADOPTS the Report and Recommendation of the Honorable James P. Donohue. Officer Tomlin's motion for summary judgment is DENIED. Plaintiff's motion to vacate is GRANTED, and this Court's December 13, 2011 Order is VACATED as to Sergeant Stowers and Officers Potts, Lofnik, and Colbert. Plaintiff's request to file an amended complaint is DENIED, but Plaintiff is GRANTED leave to file, within 30 days of the date of this order, a motion to amend that is accompanied by a proposed amended complaint.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of January, 2015.

Marsha J. Pechman
Chief United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 6