UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL M. ZELLMER,<br><br>        Plaintiff,<br><br>    v.<br><br>DOW CONSTANTINE, et al.,<br><br>        Defendants. | CASE NO. C10-1288 MJP<br><br>ORDER GRANTING IN PART MOTION TO AMEND COMPLAINT |

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint. (Dkt. No. 135.) Having considered the Parties' briefing and all related papers, the Court GRANTS the motion in part and DENIES it in part.

**Background**

Plaintiff brings suit against King County Department of Adult and Juvenile Detention correctional officers for leaving him in overly tight restraints and not affording him access to medical care in violation of his Eighth and Fourteenth Amendment rights. (Dkt. No. 7.)

1     Plaintiff seeks to amend his complaint to join additional parties as defendants and to
2 include additional causes of action. (Dkt. No. 135) Defendants oppose some but not all of the
3 proposed amendments. (Dkt. No. 138.)

4     **Discussion**

5     I.    Legal Standard

6     Whether to grant leave to amend "is within the sound discretion of the trial court" guided
7 by Fed. R. Civ. P. 15's underlying purpose of facilitating decisions on the merits. United States
8 v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). In considering whether to permit amendment,
9 courts consider the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing
10 party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.
11 Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). Futility can, by itself, justify
12 denial of a motion for leave to amend. Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995). The
13 consideration of prejudice to the opposing party, however, "carries the greatest weight." Sonoma
14 Cnty. Ass'n of Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).

15     II.    Fraud and Conspiracy Claims

16     Defendants oppose amendment to include fraud and conspiracy tort claims because these
17 claims are time-barred and because fraud and conspiracy are not actionable as alleged. (Dkt. No.
18 138 at 3.) Defendants also oppose amendment to include the factual allegations in support of
19 these claims because the allegations could be perceived as judicial comments on the evidence.
20 (Id.)

21     A.    Claims time-barred

22     Defendants argue that Plaintiff's new fraud and conspiracy tort claims are barred by the
23 three-year limitations period because the limitations period expired on April 28, 2014 and this
24

1    motion was filed on March 2, 2015. (Dkt. No. 138 at 4.) Plaintiff argues that the three-year

2    limitations period did not begin to run until his discovery of the circumstances constituting fraud

3    in 2013, and that in any case, Plaintiff filed his motion for leave to amend on February 13, 2014,

4    rendering it timely under the limitations period proposed by Defendants. (Dkt. No. 139 at 2.)

5          Plaintiff filed his motion for leave to file an amended complaint on February 13, 2014.

6    (Dkt. No. 105.) The Court, in adopting the Report and Recommendation of Magistrate Judge

7    James P. Donohue, denied Plaintiff leave to file an amended complaint as requested, but granted

8    him leave to file a motion to amend with a proposed amended complaint attached within thirty

9    days of the date of the order. (Dkt. No. 127.) This motion to amend, with a proposed amended

10   complaint attached, followed. (Dkt. No. 135.) The Court finds that the claims are not time-

11   barred.[1]

12                   B.  Fraud and conspiracy claims futile

13         Defendants next argue that amendment to include fraud and conspiracy tort claims would

14   be futile because there is no civil tort claim for perjury, and there is no civil tort claim for

15   conspiring to give, or procure the giving of, false testimony. (Dkt. No. 138 at 5.) Plaintiff

16   argues that federal courts have recognized claims for the falsification of evidence that apply to

17   litigation conduct, citing Lisker v. City of Los Angeles, 2015 WL 1260810 (9th Cir. March 20,

18   2015). (Dkt. No. 139 at 3.)

19         There is no civil cause of action for fraud consisting of perjury, and there is no civil cause

20   of action for conspiring to commit a wrong by means of false or perjured testimony. Dexter v.

21   Spokane Cnty. Health Dist., 76 Wn. App. 372, 375 (1994); W. G. Platts, Inc. v. Platts, 73 Wn.2d

---

[1] For purposes of amendment, the Court needs not decide when the limitations period began to run because Plaintiff's claims are not time-barred under either theory.

434, 440 (1968). Plaintiff's reliance on <u>Lisker</u> is misplaced because <u>Lisker</u> considered Fourteenth Amendment due process violations, brought under 42 U.S.C. § 1983, that stemmed from the falsification of evidence. 2015 WL 1260810 at *1; <u>see also</u> <u>Lisker v. City of Los Angeles</u>, 2013 WL 1276047 (C.D. Cal. Feb. 4, 2013). <u>Lisker</u> did not discuss fraud or conspiracy tort claims. Here, Plaintiff's complaint already contains a § 1983 cause of action. (Dkt. No. 135-1 at 20.)

The Court finds that amendment to include fraud and conspiracy tort claims is futile because perjury and conspiracy to commit perjury are not civilly actionable torts. Leave to amend to include these claims is DENIED.

III. Factual Allegations in Support of Fraud and Conspiracy Claims

Defendants separately oppose amendment to include factual allegations regarding the Court's finding that there was cause to set aside a previous judgment in favor of some Defendants because of fraud on the court. (Dkt. No. 138 at 6.) Defendants argue these allegations "could be perceived as judicial commentary on the evidence, which would unfairly prejudice the Officers." (<u>Id.</u>)

Including factual material from the record in this case, including factual material from the Court's previous orders, in a complaint will not unfairly prejudice Defendants, and does not constitute improper judicial commentary on the evidence. The Court will not sanitize the record simply because it reflects poorly on some Defendants. Leave to amend to include these factual allegations is GRANTED.

IV. New Defendants and Claims Against Them

Defendants argue that leave to amend to include new Defendants, and new claims against those new Defendants, should be denied because the Defendants were previously dismissed,

because the claims are time-barred, and because the claims are inadequately pleaded and fail to state a claim upon which relief can be granted. (Dkt. No. 138 at 6-9.)

### A. Defendants already dismissed

Defendants argue that Plaintiff should not be able to add Dow Constantine, Ken Nakatsu, or unnamed officers and supervisors as Defendants because they were previously dismissed by the Court, and Plaintiff has not brought a motion to set aside these prior dismissals. (Dkt. No. 138 at 7.)

Plaintiff does not seek to add Dow Constantine or Ken Nakatsu. (Dkt. No. 135-1 at 2-4.) Plaintiff argues that the use of unnamed Doe Defendants, though disfavored, is necessary in this case. (Dkt. No. 139 at 5.) "As a general rule, the use of "John Doe" to identify a defendant is not favored. However, situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citations omitted).

The Court agrees with Plaintiff that the use of Doe Defendants is necessary in this case and that Plaintiff should have the opportunity to uncover the identities of unnamed Defendants through discovery.

### B. All claims against new Defendants time-barred

Defendants next argue that claims against the new named Defendants—King County and William Hayes, Director of the King County Department of Adult and Juvenile Detention—are time-barred because they were filed after the applicable limitations period and do not relate back to the original complaint. (Dkt. No. 138 at 7.)

ORDER GRANTING IN PART MOTION TO
AMEND COMPLAINT- 5

Defendants do not specify why the claims are time-barred, and thus the Court assumes that Defendants intended to incorporate their earlier discussion of the limitations period. As discussed above, however, Plaintiff's motion for leave to file an amended complaint was filed within Defendants' proposed three-year period, and thus new claims are not time-barred. Even if the limitations period had expired, the addition of King County and Director Hayes clearly relates back to original pleading because (1) these Defendants would have had notice of a suit filed against their correctional officer employees in their official capacities, and will not be prejudiced in defending this case, and (2) knew or should have known that they would be named as Defendants had Plaintiff, originally litigating this case pro se, not been mistaken about the proper party's identity. See Fed. R. Civ. P. 15(c)(1)(C).

C. Claims fail to state a claim upon which relief can be granted

Finally, Defendants argue that amendment to add claims of (1) respondeat superior and (2) negligent hiring, training, and supervision would be futile because they are composed of conclusory allegations and do not state plausible claims against King County or Director Hayes. (Dkt. No. 138 at 8-9.)

Plaintiff sufficiently states a claim for negligent hiring, training, and supervision under Washington law and pleads sufficient facts to support vicarious liability for the County and Director Hayes under a respondeat superior theory . See Niece v. Elmview Grp. Home, 131 Wn.2d 39, 48-50 (1997). Unlike the tort of negligent hiring, training, and supervision, vicarious liability—otherwise known as the doctrine of respondeat superior—is not an independent cause of action. Rather, it a theory of liability that imposes liability on an employer for the torts of an employee who is acting on the employer's behalf. Id. To the extent that Defendants argue that King County and Director Hayes cannot be held vicariously liable under Washington law, the

ORDER GRANTING IN PART MOTION TO
AMEND COMPLAINT- 6

1  Court disagrees. To the extent that Defendants argue that respondeat superior is not an

2  independent cause of action, the Court agrees. The Court finds, however, that Plaintiff has

3  alleged sufficient facts to show that a respondeat superior theory and a negligent hiring, training

4  and supervision claim are plausible. Leave to amend to add King County and William Hayes as

5  Defendants, and to add this theory of liability and claim against them, is GRANTED.

## Conclusion

The Court GRANTS Plaintiff's motion for leave to amend his complaint, except that Plaintiff's request to add fraud and conspiracy tort claims is DENIED. Plaintiff is directed to file an amended complaint that conforms to this Order within ten days.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 9th day of April, 2015.

*(signature)*

Marsha J. Pechman
Chief United States District Judge