UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL M. ZELLMER, | CASE NO. C10-1288 MJP |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |
| v. | |
| COUNTY OF KING, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on Defendant Hayes's Motion for Summary Judgment, Defendant King County's Motion for Partial Summary Judgment, and correctional officer Defendants' Motion for Partial Summary Judgment.  (Dkt. Nos. 158, 160.)  Having considered the Parties' briefing and all related papers, the Court GRANTS in part and DENIES in part the Motions.

**Background**

Plaintiff Joel Zellmer, proceeding pro se, brought this action in 2010 against the King County Department of Adult & Juvenile Detention and several of its correctional officers for violations of his Eighth and Fourteenth Amendment rights by, inter alia, allegedly intentionally

1  leaving him in overly-tight waist restraint handcuffs for an extended period of time in an attorney

2  conference room without access to water, toilets, or medical care, and by not affording him

3  access to medical care for resulting injuries.  (Dkt. No. 7.)

4      In 2011, the Court granted Defendants' motion for summary judgment based on, inter

5  alia, the correctional officers' qualified immunity.  (Dkt. Nos. 60, 63.)  Plaintiff appealed, and

6  the Ninth Circuit Court of Appeals affirmed except as to Officer Tomlin, the correctional officer

7  who put the handcuffs on Plaintiff.  (Dkt. Nos. 68, 71.)  After the Ninth Circuit remanded the

8  case for further proceedings as to Defendant Tomlin, this Court granted Plaintiff's motion to

9  vacate the earlier grant of summary judgment as to all other correctional officer Defendants

10  because the Court found that the correctional officers had committed fraud on the Court by

11  intentionally submitting identical but materially false affidavits detailing the underlying

12  incidents.  (Dkt. No. 127.)  The Court appointed counsel for Plaintiff, allowed Plaintiff to amend

13  his complaint, and set the case for trial as to all Defendants.  (Dkt. Nos. 123, 134, 140.)

14      Defendant Hayes, Director of the Department of Adult & Juvenile Detention, now moves

15  for summary judgment as to all claims asserted against him.  (Dkt. No. 158.)  King County

16  moves for summary judgment as to all claims asserted against it, except for Plaintiff's vicarious

17  liability claim.  (Id.)  All correctional officer Defendants except Officer Tomlin—the officer who

18  put the handcuffs on Plaintiff—move for summary judgment as to all claims asserted against

19  them.  (Dkt. No. 160.)  Officer Tomlin moves for summary judgment on Plaintiff's negligent

20  infliction of emotional distress claim.  (Id.)

21      Plaintiff stipulates to the dismissal of his negligent infliction of emotional distress claim,

22  but opposes the motions as to all other claims.  (Dkt. No. 163.)

23

24

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 2

1

**Discussion**

2

I.     Legal Standard

3

A.     Summary Judgment

4      Summary judgment is proper where "the movant shows that there is no genuine issue as

5   to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

6   56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue

7   of fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In assessing whether a party has met

8   its burden, the underlying evidence must be viewed in the light most favorable to the non-

9   moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

10     II.    Defendant Hayes's Motion for Summary Judgment

11     Defendant Hayes's Motion for Summary Judgment as to all claims asserted against him

12  is GRANTED.

13     Plaintiff's complaint and briefing do not make clear whether Defendant Hayes is being

14  sued in his personal or official capacity.  (See Dkt. Nos. 141, 163.)  After Monell v. Department

15  of Social Services, 436 U.S. 658, 690 (1978), however, suit may be brought directly against a

16  local governmental unit, rendering suit against individual defendants unnecessary unless they are

17  sued in their personal capacities.  Soffer v. City of Costa Mesa, 798 F.2d 361, 363 (9th Cir.

18  1986).  Here, Plaintiff has brought suit directly against King County, and therefore a suit against

19  Defendant Hayes in his official capacity is unnecessary.

20     Defendant Hayes argues he is entitled to summary judgment on claims asserted against

21  him in his personal capacity because there is no evidence that he was involved in any way with

22  the events that led to the alleged injuries.  (Dkt. No. 158 at 11-12.)  Hayes argues he did not

23  become Director of the King County Department of Adult & Juvenile Detention until five years

24  after the incidents underlying this case, and, citing Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1   1978), argues that Plaintiff cannot put forward facts to demonstrate the requisite causal

2   connection between any action or inaction by Defendant Hayes and Plaintiff's alleged injuries.

3   (Dkt. Nos. 158 at 11-12, 165 at 1-2.)  In response, Plaintiff does not identify any actions or

4   inactions by Defendant Hayes that caused any of the harm alleged.  (Dkt. No. 163.)

5          The Court finds that Defendant Hayes has demonstrated that there are no genuine issues

6   of material fact as to the claims asserted against him, and that he is entitled to judgment as a

7   matter of law.  See Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).  Defendant

8   Hayes's Motion for Summary Judgment as to all claims asserted against him is GRANTED.

9          III.    Defendant King County's Motion for Partial Summary Judgment

10         Defendant King County's Motion for Partial Summary Judgment is GRANTED in part

11  and DENIED in part.

12         King County argues that is entitled to summary judgment on Plaintiff's 42 U.S.C. § 1983

13  claim because Plaintiff cannot put forward the evidence required by Monell, 436 U.S. 658.  (Dkt.

14  No. 158 at 5-11.)  King County argues it is also entitled to summary judgment on Plaintiff's state

15  law claims—except for his vicarious liability claim—because Plaintiff cannot produce evidence

16  that any of the individual correctional officers were improperly hired, trained, or supervised, and

17  because this claim is redundant and moot in light of the County's admission that the correctional

18  officers were acting within the course and scope of their duties during the incidents underlying

19  this suit.  (Id.)  The Court addresses the federal and state claims in turn.

20         Plaintiff's 42 U.S.C. § 1983 claim against King County is brought pursuant to a

21  ratification theory—Plaintiff argues King County is liable under § 1983 because the County,

22  through an official with final policy-making authority, ratified the unconstitutional conduct of

23  the individual correctional officers.  (Dkt. No. 163 at 6-9.)  A plaintiff pursuing a municipal

24

1  deliberate indifference claim using the ratification theory must identify an official policymaker

2  who made a deliberate choice from among various alternatives to follow a particular course of

3  action.  See, e.g., Gillette v. Delmore, 979 F.2d 1342, 1348 (9th Cir. 1992).  This is because

4  "unconstitutional discretionary actions of municipal employees generally are not chargeable to

5  the municipality under section 1983."  Id. at 1347.  Therefore, the policymaker must "approve a

6  subordinate's decision and the basis for it before the policymaker will be deemed to have ratified

7  the subordinate's discretionary decision."  Id. at 1348 (emphasis in original).  Otherwise, "[t]o

8  hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional

9  discretionary acts of subordinates would simply smuggle respondeat superior liability into

10  section 1983 law [creating an] end run around Monell."  Clouthier v. Cty. of Contra Costa, 591

11  F.3d 1232, 1253 (9th Cir. 2010) (quoting Gillette, 979 F.2d at 1348).

12        Here, Plaintiff argues King County ratified the officers' conduct because a deficient

13  internal investigation into Plaintiff's complaints was approved by multiple layers of managers at

14  the King County Department of Adult & Juvenile Detention despite "significant known

15  inconsistencies," resulting in a false finding that no policy had been violated.  (Dkt. No. 163 at 6-

16  9.)  Plaintiff argues that the deficient investigation "illustrates that the County has no interest in

17  policing its officers" and demonstrates that King County has created an atmosphere of

18  unaccountability for officer misconduct, ratifying as appropriate any misconduct by officers.

19  (Id.)

20        The Court agrees with Plaintiff and finds that a genuine issue of material fact forecloses

21  summary judgment on Plaintiff's § 1983 claim against King County.  Viewing the facts in the

22  light most favorable to Plaintiff, there is evidence sufficient to proceed to trial that official

23  policymakers consciously and affirmatively endorsed unconstitutional conduct, as well as the

24

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 5

1    basis for it, via endorsement of the facially deficient investigation.  Accordingly, King County's

2    Motion for Summary Judgment on Plaintiff's § 1983 claim is DENIED.

3          Summary judgment on Plaintiff's state law claims against King County, aside from his

4    claim for vicarious liability, however, is GRANTED because Plaintiff has not put forward any

5    evidence in support of those claims and because the claims are redundant and thus unnecessary.

6          Citing Gilliam v. Dep't of Soc. & Health Servs., 89 Wn. App. 569, 585 (1998), King

7    County argues a claim for negligent hiring, training, and supervision is duplicative because King

8    County has admitted that the correctional officer Defendants were acting within the course and

9    scope of their employment during the underlying incidents.  (Dkt. No. 158 at 9-11.)  Stated

10   differently, King County argues that because it is vicariously liable for any state law torts

11   committed by the correctional officer Defendants, "no additional cause of action for negligent

12   supervision is necessary."  See also Rodriguez v. Perez, 99 Wn. App. 439, 451 (2000).  King

13   County argues it is entitled to summary judgment for the additional reason that Plaintiff cannot

14   produce any evidence that the individual officers involved here were improperly hired or

15   inadequately trained or supervised.  (Dkt. No. 158 at 10.)

16         Plaintiff does not address King County's arguments as to his negligent hiring, training,

17   and supervision claim, and does not identify any evidence of negligent hiring, training, or

18   supervision as to any of the specific officers involved in this case.  (See Dkt. Nos. 163, 164.)

19   The Court finds that Plaintiff has failed to create a genuine issue of material fact as to this claim,

20   that the claim is redundant and unnecessary, and that King County is entitled to judgment as a

21   matter of law.

22

23

24

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 6

1    In sum, Defendant King County's Motion for Summary Judgment as to Plaintiff's § 1983

2    claim is DENIED; King County's Motion for Summary Judgment as to all of Plaintiff's state law

3    claims, except for his claim for vicarious liability, is GRANTED.

4        IV.    Officer Defendants' Motion for Partial Summary Judgment

5            A.    Constitutional Claims

6        Correctional officer Defendants other than Officer Tomlin—namely, Sergeant Stowers

7    and Officers Colbert, Lofink, and Potts ("the moving Defendants")—move for summary

8    judgment on Plaintiff's constitutional claims against them, arguing that Plaintiff cannot produce

9    evidence of any deliberate indifference and, additionally, that they are entitled to qualified

10   immunity.  (Dkt. No. 160 at 6-12.)

11       The Parties agree that Plaintiff's constitutional claims against the moving Defendants

12   relate to his conditions of confinement, requiring Plaintiff to demonstrate deliberate

13   indifference.[1]  (Dkt. Nos. 160 at 7, 163 at 11); Clouthier, 591 F.3d at 1241-42.  While the

14   conditions of Plaintiff's pretrial confinement are governed by the Fourteenth rather than the

15   Eight Amendment, pretrial detainees' rights under the Fourteenth Amendment are comparable to

16   prisoners' rights under the Eighth Amendment, and thus courts apply the same standard to both

17   types of claims.  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

18       In order defeat summary judgment, Plaintiff must show a genuine issue of fact as to both

19   prongs of the deliberate indifference test: (1) whether Plaintiff was confined under conditions

20   posing a "substantial risk of serious harm," and (2) whether the correctional officer Defendants

21   _____

22       [1] Plaintiff's Response contains one reference to the legal standard for excessive use of
force in violation of the Eight Amendment.  (Dkt. No. 163 at 11.)  However, Plaintiff puts
23   forward neither evidence nor argument about any use of force whatsoever by the moving
Defendants.  Accordingly, the Court analyzes Plaintiff's arguments under the conditions of
24   confinement standard.

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 7

1    were deliberately indifferent to that risk.  Clouthier, 591 F.3d at 1244.  Where a prison official's

2    act or omission results in the denial of "the minimal civilized measures of life's necessities," that

3    act or omission satisfies the first prong of the deliberate indifference test.  Farmer v. Brennan,

4    511 U.S. 825, 834 (1994).  The second prong requires a showing that the correctional officers

5    subjectively knew of and disregarded the substantial risk of harm by failing to take reasonable

6    measures to abate it.  Id. at 847.

7           The Court finds that Plaintiff has failed to put forward evidence to create a genuine issue

8    of fact as to deliberate indifference by the moving Defendants.  Viewing the evidence in the light

9    most favorable to Plaintiff, Plaintiff has demonstrated that he was confined in an attorney

10   conference room without access to water, food, toilets, or medical care for approximately four

11   and a half hours.  (See Dkt. No. 164.)  Plaintiff has not introduced evidence that any of the

12   moving Defendants became aware of his complaints that his handcuffs were too tight until the

13   end of the four and a half hours, at which time he was removed from the conference room.

14   Plaintiff's meeting with his attorneys occupied the first two of those hours, and Plaintiff does not

15   assert that there was anything inappropriate or harmful about that meeting or its length.  Rather,

16   Plaintiff contends that the moving Defendants' knowledge that Plaintiff was restrained in

17   commonly-used waist restraint handcuffs in the conference room, combined with their

18   knowledge of the overall duration of the confinement in the conference room without water or

19   access to a toilet, is sufficient to support a finding of deliberate indifference.  (Dkt. No. 163 at

20   12.)

21          The Court disagrees.  The only evidence put forward as to any of the moving Defendants

22   consists of: (1) Plaintiff's testimony that when Officer Lofink arrived at the conference room at

23   the end of the four-and-a-half-hour period to return Plaintiff to his cell, he smiled at Plaintiff and

24

1    stated "sorry, I had nothing to do with this;" (2) Plaintiff's testimony that after Lofink transferred

2    Plaintiff to Officer Potts, Potts referenced the handcuffs and stated "oh my god who put those on

3    you;" and (3) Plaintiff's testimony that Sergeant Stowers did not visit Plaintiff's cell on the day

4    of the incident despite Plaintiff's request to other correctional officers that a sergeant

5    immediately evaluate his injuries resulting from the handcuffs and allow him access to medical

6    care.  (Dkt. Nos. 51, 164.)  This evidence, without more, cannot support a finding that the

7    moving Defendants subjectively knew of and disregarded an excessive risk to Plaintiff's health

8    or safety at the time of the incident.

9          The Court agrees with Plaintiff that the correctional officer Defendants' earlier fraud on

10   the court is cause for concern, and perhaps evidences an intent to cover up earlier failures by the

11   correctional officer Defendants.  Nevertheless, "an official's failure to alleviate a significant risk

12   that he should have perceived but did not, while no cause for commendation, cannot under [the

13   Supreme Court's] cases be condemned as the infliction of punishment."  Farmer, 511 U.S. at

14   838.  Deliberate indifference in the conditions-of-confinement context requires the prison

15   officials to have been aware of facts from which the inference could be drawn that a substantial

16   risk of serious harm exists, but also requires that the prison officials in fact subjectively drew that

17   inference.  Farmer, 511 U.S. at 837; Clouthier, 591 F.3d at 1242.  Here, Plaintiff has failed to

18   introduce evidence sufficient to support such a conclusion.  While leaving Plaintiff in a room

19   without water or toilets for a total of four and a half hours is far from commendable, Plaintiff has

20   not attempted to refute Defendants' assertions that the moving Defendants were distracted by

21   other institutional duties such as distributing lunch to the inmates, responding to a fight on

22   another floor of the facility, and conducting a shakedown.  (See Dkt. No. 160 at 10.)  While

23   Plaintiff speculates that the moving Defendants intentionally left him in the conference room for

24

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 9

1  two and a half hours after his attorney meeting concluded to punish him, the actual statements

2  introduced by Plaintiff in support of that position are simply too speculative to support, without

3  more, a finding of deliberate indifference.

4        Having found no evidence of deliberate indifference as to the moving Defendants, the

5  Court does not reach the qualified immunity issue.  The Court GRANTS the moving Defendants'

6  motion for summary judgment as to Plaintiff's constitutional claims against them.

7               B.      Intentional Infliction of Emotional Distress

8        The moving Defendants next move for summary judgment on Plaintiff's intentional

9  infliction of emotional distress claim, arguing that there is no evidence to support a finding that

10  the moving Defendants' conduct was extreme or outrageous, or a finding that the moving

11  Defendants intentionally or recklessly inflicted emotional distress.  (Dkt. No. 160 at 12-13.)

12  Plaintiff argues that genuine issues of material fact foreclose summary judgment on this claim,

13  especially in light of the credibility concerns resulting from Defendants' fraud on the court.

14  (Dkt. No. 163 at 17-20.)

15        The elements of the tort of outrage, also known as intentional infliction of emotional

16  distress, are: "(1) extreme and outrageous conduct; (2) intentional or reckless infliction of

17  emotional distress; and (3) actual result to the plaintiff of severe emotional distress." Rice v.

18  Janovich, 109 Wn.2d 48, 61 (1987); Restatement (Second) of Torts § 46 (1965).  The conduct in

19  question must be "so outrageous in character, and so extreme in degree, as to go beyond all

20  possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

21  community." Grimsby v. Samson, 85 Wn.2d 52, 59 (1975).  "The question of whether certain

22  conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to

23

24

1    determine if reasonable minds could differ on whether the conduct was sufficiently extreme to

2    result in liability." Dicomes v. State, 113 Wn.2d 612, 630 (1989) (citation omitted).

3         The moving Defendants' motion for summary judgment on Plaintiff's outrage claim is

4    GRANTED.  As discussed in Section A, above, Plaintiff has not put forward sufficient evidence

5    to support a finding that any emotional distress resulting from being left handcuffed in the

6    conference room for four and a half hours was inflicted intentionally or recklessly by the moving

7    Defendants. See Grimsby, 85 Wn.2d at 59.  Negligence is insufficient for an outrage claim, and

8    the evidence submitted by Plaintiff cannot support a finding of outrage's requisite mental state.

9    The Court finds that Plaintiff has failed to create a genuine issue of material fact as to his outrage

10   claim against the moving Defendants, and that the moving Defendants are entitled to judgment

11   as a matter of law.

12              C.      Negligent Infliction of Emotional Distress

13        The Parties have stipulated to the dismissal of Plaintiff's negligent infliction of emotional

14   distress claim against all Defendants.  (Dkt. Nos. 160 at 13-14, 163 at 17.)  Summary judgment

15   on Plaintiff's negligent infliction of emotional distress claim is GRANTED.

16              D.      Sufficiency of Medical Evidence

17        The correctional officer Defendants argue Plaintiff's claim that the waist restraint

18   handcuffs caused or aggravated medical conditions must be dismissed because Plaintiff has not

19   produced any medical evidence to support this claim, and thus the claim is purely speculative.

20   (Dkt. No. 160 at 14-15.)  Plaintiff agrees that medical evidence is necessary, but argues that the

21   testimony of several jail medical professionals already in the record is sufficient to survive

22   summary judgment.  (Dkt. No. 163 at 20-21.)

23

24

1    While the Court agrees with Defendants that the record does not contain evidence

2  discussing or pertaining to back pain, bladder issues, erectile dysfunction, or any mental health

3  issues, the record contains sufficient evidence regarding wrist pain to remove Plaintiff's claim

4  from the speculative.  The declarations from Nurse Swanson and Doctor Sanders demonstrate

5  that Plaintiff sought medical attention for wrist pain following the incidents; that Plaintiff

6  reported that the handcuffs had caused and/or increased his wrist pain; that Plaintiff had at least

7  one mark of unknown origin on his wrists when he was examined; and that Plaintiff was given

8  wrist splints in response to his reports of increased pain.  (See Dkt. Nos. 43 at 1-3, 46 at 1-2, 51-

9  2 at 50-56.)  This evidence is sufficient to allow the fact finder to make factual findings

10  regarding Plaintiff's claim that over-tight handcuffs caused or aggravated wrist pain without

11  speculating.  See Fabrique v. Choice Hotels Int'l, Inc., 144 Wn. App. 675, 685 (2008).

12  Accordingly, Defendants' Motion as to wrist pain is DENIED; Defendants' Motion as to back

13  pain, bladder issues, erectile dysfunction, and mental health issues is GRANTED.

14                                              **Conclusion**

15    The Court GRANTS Defendant Hayes's Motion for Summary Judgment; GRANTS in

16  part and DENIES in part Defendant King County's Motion for Partial Summary Judgment; and

17  GRANTS in part and DENIES in part the correctional officer Defendants' Motion for Partial

18  Summary Judgment.  (Dkt. Nos. 158, 160.)  The case will proceed to trial against Officer Tomlin

19  on Plaintiff's constitutional and outrage claims, as well as against King County on Plaintiff's

20  constitutional claim and based on its vicarious liability.

21

22    The clerk is ordered to provide copies of this order to all counsel.

23

24

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 12

1    Dated this 22nd day of February, 2016.

2

3

4                                              Marsha J. Pechman
                                               United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING IN PART DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT- 13